ROY JARMAN, Claimant, Appellee, v. COLLINS-HILL LUMBER & COAL COMPANY et al., Defendants, Appellants.

No. 44788.

June 20, 1939.

C. P. Hanley and Frank Drake, for appellee.

Merrill B. Oransky, for appellants.

Stiger, J.—Liquid asphalt, heated to 450 degrees, splashed on claimant's wrist while he was working for defendant appellant. The injury arose out of and in the course of his employment. The parties waived the appointment of arbitrators and the case was tried before the deputy industrial commissioner as sole arbitrator. The deputy commissioner awarded claimant 10 weeks compensation. Defendant petitioned for a review of the decision of the arbitrator by the industrial commissioner and gave notice of additional evidence. The additional evidence before the commissioner consisted of the deposition of a physician taken by defendant and the deposition of a physician taken by claimant. All depositions were taken by agreement. After the depositions were taken, claimant filed an amendment to his application for compensation, alleging that the additional testimony showed that his injury was permanent and that he joined with defendant in asking for a review of the findings of the arbitrator. The industrial commissioner found that claimant had received a permanent, partial disability and

increased the award to compensation for 27 weeks. Defendant appealed to the district court which affirmed the decision of the industrial commissioner.

Appellant does not claim there was not sufficient, competent evidence to warrant the decision of the industrial commissioner.

Appellant claims that the district court erred in refusing to reverse the decision of the industrial commissioner for the reason that the commissioner had no authority to increase the arbitration award in favor of a non-appealing claimant in view of Code section 1447, which reads:

"1447. Review. Any party aggrieved by the decision or findings of a board of arbitration may, within ten days after such decision is filed with the industrial commissioner, file in the office of the commissioner a petition for review, and the commissioner shall thereupon fix a time for the hearing on such petition and notify the parties.

"At such hearing, the commissioner shall hear the parties, consider all evidence taken before the board of arbitration if it has been transcribed, and may hear any additional evidence, and he may affirm, modify, or reverse the decision of the board, or may remand it to the board for further findings of facts.

"Additional evidence to that presented and admitted in arbitration proceedings shall not be introduced by either party unless such party gives the opposite party, or his attorney, five days' notice thereof in writing, stating the particular phase of the controverted claim to which such additional evidence will apply."

Section 1440 gives the board of arbitration the power to make "such inquiries and investigations as it shall deem necessary", and section 1446 requires the board to file its decision with a certificate of the evidence and its ruling of law with the industrial commissioner. The board of arbitration, or the commissioner or deputy commissioner, acting as sole arbitrator, has the power to investigate the claim and must file the findings with the industrial commissioner.

It is not necessary that each party aggrieved by the decision of the arbitrator file a petition for review by the commissioner. The commissioner, when conducting the hearing on review, was not an appellate tribunal, but had jurisdiction to

re-try the issues tried in the arbitration proceedings de novo, hear additional evidence and render a decision warranted by the evidence. If any aggrieved party files a petition for review, it is the duty of the commissioner to "hear *the parties,* consider all evidence taken before the board of arbitration", "hear any additional evidence", and, as stated in section 1441, conduct such hearing "to ascertain and conserve the substantial rights of *all parties.*" (Italics supplied.)

No appeal can be taken from the arbitration award to the district court. Appeal to the district court lies only from the decision of the industrial commissioner. Hampton v. Des Moines & Central I. R. Co., 217 Iowa 108, 250 N. W. 881.

The proceedings on review before the commissioner are essentially different from the proceedings on appeal from the decision of the industrial commissioner to the district court under section 1449, which provides that any party aggrieved by the decision of the industrial commissioner may appeal to the district court by filing a written notice of appeal setting forth in general terms the decision appealed from and the grounds of the appeal.

The trial in the district court on appeal is not de novo, and if an aggrieved party fails to appeal from the decision of the industrial commissioner under the provisions of section 1449, the decision is final, and such party cannot have it reviewed either in the district or supreme court. Brown v. Rath Packing Co., 219 Iowa 9, 257 N. W. 411; Dille v. Plainview Coal Co., 217 Iowa 827, 250 N. W. 607. In support of its contention that because claimant failed to appeal from the decision of the deputy commissioner the commissioner did not have jurisdiction to award additional compensation, appellant cites cases, including Dille v. Plainview Coal Co., supra, which hold that to entitle a party to a review of the decision of the industrial commissioner it is necessary that he appeal to the district court. The cited authorities do not sustain appellant's assignment of error.

II. Section 1447, supra, provides that the commissioner, sitting in review of the arbitration award, "may affirm, modify, or reverse the decision of the board". Appellant advances the proposition that the power to modify the decision of the arbitrator is the power only to reduce, and the commissioner did not have jurisdiction to increase the award of the

arbitrator. This contention cannot be sustained.

It was the duty of the commissioner to hear the parties, consider all evidence and additional evidence and conserve the substantial rights of all parties to the hearing. The power given the commissioner to modify the decision of the arbitrator is the power to change, the power to increase, as well as reduce, the arbitration award. See Margenovitch v. Newport Mining Co., 213 Mich. 272, 181 N. W. 994.—Affirmed.

MITCHELL, C. J., and HAMILTON, MILLER, HALE, SAGER, and BLISS, JJ., concur.