MARCELLA ALEXANDER et al., appellants, v. ROBERT C. RANDALL et al., appellees.

No. 51539.

(Reported in 133 N.W.2d 124)

February 9, 1965.

Doerr, Dower & Rehling, of Davenport, for appellants.

Borchart & Borchart and William L. Meardon, all of Iowa City, for appellees.

GARFIELD, C. J.—Taxpayers and voters in the Independent School District of Coralville brought this action for declaratory judgment that an election resulting in the merger of the district with the Iowa City Community School District was null and void because of alleged false statements to Coralville voters by the state superintendent of public instruction and a regional consultant for the state department. From an adjudication of law points under rule 105, Rules of Civil Procedure, on application of defendants, directors of the Iowa City district, adverse to plaintiffs they have appealed with permission from us under rule 332.

The proposal to merge the two districts received a majority of affirmative votes in each district. Legality of the vote in the Iowa City district is not challenged. There were 716 "yes" and 554 "no" votes in the Coralville district—a majority of 162 votes.

Basis for the claimed illegality of the election in the Coralville district alleged in the petition is that the state superintendent of public instruction and a regional consultant for the state department made false statements, widely circulated among Coralville voters, that if "all our standards are not met" the department would remove the Coralville school system from "the approved list"; the statements were designed to influence the voters to vote affirmatively upon the merger proposal and did influence many of them; at the time the statements were made section 257.18(13), Code 1962, empowered the superintendent,

with the approval of the state board of public instruction, to formulate standards, regulations and rules for the approval of all schools and remove the Coralville district from the approved list and thereby make it ineligible to participate in state school funds; the statements were false because said statute was unconstitutional; the statements had a corruptive, deceptive and coercive effect upon the voters in that they were led to believe an affirmative vote would result in payment of state funds not otherwise payable; the voters did not know the statute was unconstitutional.

A second division of the petition based on the same claimed facts asks a declaration that the merger proposal failed to receive a majority of the affirmative votes validly cast in Coralville.

After joining issue by denying most of plaintiffs' petition defendants asked an adjudication of law points under rule 105, Rules of Civil Procedure, as to whether making the alleged statements by the state superintendent and regional consultant, which may have had the claimed effect on Coralville voters, would be sufficient basis to declare the election null and void. Defendants' application asked the court to assume we held Code section 257.18(13), referred to above, unconstitutional subsequent to the election.

The trial court ruled the alleged statements did not amount to fraud nor a threat to take away state aid if the voters did not vote for the merger; at the time the statements were made section 257.18(13) was presumed to be constitutional; the officials merely stated what the law then was and that the Coralville district would be required to meet the standards set by the state superintendent; false statements made to influence a voter will not invalidate the election if it does not appear that by force and fraud the voter was compelled to vote in a way he did not desire to vote; there is no allegation of such compulsion here.

Of course plaintiffs assign the ruling as error. We think it important that their brief concedes the state superintendent and the department's regional consultant believed the statements allegedly made by them were true when made and the superintendent then believed he in fact had the power Code section

257.18(13) purported to confer on him. Plaintiffs also call attention to the fact their petition does not allege the school officials knew, or should have known, 257.18(13) was unconstitutional.

I. It is plain this action is an outgrowth of our decision in Lewis Consolidated School District v. Johnston, State Superintendent, 256 Iowa 236, 127 N.W.2d 118. We there held for the first time section 257.18(13) is an unconstitutional delegation of legislative power to administrative officials because the statutes do not prescribe proper or sufficient standards to guide them in adopting regulations and rules for the approval of all schools. The opinion was filed March 10, 1964. The election challenged here was on February 13, 1964. At that time the district court of Polk County in Des Moines had held in the Lewis case section 257.18(13) was constitutional. So the officials' right to assume the statute was a valid delegation of power had the support of the district court's decision. This action was commenced April 17, 1964.

Until our opinion in the Lewis school case was filed, section 257.18(13) was presumed to be the law of the state and all persons dealing with the subject matter thereof had a right to rely upon it. Russell v. Sunburst Refining Co., 83 Mont. 452, 272 P. 998, 1007.

II. We are clear the trial court correctly ruled the alleged statements of the state officials did not amount to fraud. With some exceptions not here applicable, a charge of fraud cannot be based upon an honest error in a statement of general law. Also a subsequent legal decision, adverse to a statement or representation previously expressed as to the law, cannot establish prior fraud. Russell v. Sunburst Refining Co., supra; 37 C. J. S., Fraud, section 55, page 325; 23 Am. Jur., Fraud and Deceit, section 45. See also annotation, 33 A. L. R. 853, 880; Tipton v. Sands, 103 Mont. 1, 60 P.2d 662, 670, 106 A. L. R. 474.

III. Further, we are not prepared to hold that even if it were assumed the statements said to have been made by the state officials were false and fraudulent, the election would thereby be invalidated, under the allegations of this petition.

Courts are slow to set aside an election. As a rule they uphold its validity. The presumption is in favor of its legality.

Anselmi v. City of Rock Springs, 53 Wyo. 223, 80 P.2d 419, 116 A. L. R. 1250, 1256, and citations; Inslee v. City of Bridgeport, 153 Neb. 559, 45 N.W.2d 590, 599. See also State ex rel. Ondler v. Rowe, 187 Iowa 1116, 1123, 175 N.W. 32, 34; State ex rel. Warrington v. Community School District, 247 Iowa 1167, 1178, 1179, 78 N.W.2d 86, 93.

█ Volume 1 Dillon on Municipal Corporations, Fifth Ed., section 213, page 430, states this general proposition: "Inducements in the way of statements and representations made to influence a voter, although false and fraudulent, will not invalidate the election if it does not appear that by force and fraud the voter was compelled to vote in a way he did not desire to vote."

This petition does not allege Coralville voters were compelled by force and fraud to vote in a way contrary to their desires.

The statement quoted from Dillon has had the approval of different courts. Anselmi and Inslee cases, supra; Talbott v. City of Lyons, 171 Neb. 186, 105 N.W.2d 918, 924. See also Epping v. City of Columbus, 117 Ga. 263, 43 S.E. 803, 812, 813; Balducci v. Strough, 135 Misc. 346, 239 N. Y. S. 611, 615, 616.

█ IV. Plaintiffs ask us to rule that the doctrine of equitable estoppel is applicable to them. Their brief indicates they feel they are entitled to prevail on the theory defendants are estopped to successfully defend the action. The argument cannot be accepted.

█ In the first place, an estoppel must ordinarily be pleaded unless the facts on which it arises appear on the face of the pleadings. Huston v. Gelane Co., 254 Iowa 752, 756, 119 N.W.2d 188, 190, and citations; Robbins v. Beatty, 246 Iowa 80, 89, 90, 67 N.W.2d 12, 17, and citations; Watts v. Wright, 201 Iowa 1118, 1120, 206 N.W. 668; 31 C. J. S., Estoppel (1964), section 153(1), pages 744–747, citing numerous Iowa decisions at page 745. Nothing in defendants' answer gives rise to an estoppel. Plaintiffs' petition does not plead an estoppel or facts giving rise thereto.

█ Further, ordinarily the doctrine of equitable estoppel is not invoked against a municipal corporation in the exercise of governmental functions. Talbott v. City of Lyons, supra, 171 Neb. 186, 105 N.W.2d 918, 922. Exceptions are sometimes made

where right and justice demand, as where there have been positive acts by municipal officers which may have induced action of a party and it would be inequitable to permit a retraction of such acts. Talbott case, supra; May v. City of Kearney, 145 Neb. 475, 17 N.W.2d 448, 457, 458, and citations; 31 C. J. S., Estoppel, section 142a, page 706. The merger of these two school districts here is not inconsistent with acts of officers of either district, so far as alleged.

 Equitable estoppel is based on fraud, actual or constructive. Without such fraud there can be no estoppel. Lemper v. City of Dubuque, 237 Iowa 1109, 1114, 24 N.W.2d 470, 473, and citation; Bates v. Kleve, 225 Iowa 255, 261, 280 N.W. 501. "Thus representations or opinions as to matters of law do not ordinarily base or create an estoppel * * *." 31 C. J. S., Estoppel (1964), section 79, page 465. To like effect is 19 Am. Jur., Estoppel, section 54.

It is not alleged the false statements complained of were made by defendants, members of the Iowa City school board, nor by members of the Coralville board. So far as we are advised, neither the state superintendent nor the regional consultant for the state department was authorized to act on behalf of either board in the conduct of the merger election. "The actions of persons or agencies who are without authority to act on behalf of a public agency cannot create an estoppel against it." 31 C. J. S., Estoppel, section 142a, page 706. See also Macheak v. Adamsen, 214 Iowa 446, 448, 239 N.W. 574, and citation; State ex rel. Thie v. Consolidated Independent School Dist., 193 Iowa 856, 858, 186 N.W. 426.

V. We think the authorities plaintiffs cite do not support their appeal. Hibbs v. Board of Directors, 110 Iowa 306, 308, 81 N.W. 584, 48 L. R. A. 535, merely holds that where no rights have vested electors who had voted a tax to build a schoolhouse may, at a subsequent election, rescind their previous action. Chappell v. Board of Directors, 241 Iowa 230, 237, 39 N.W.2d 628, 632, recognizes the rule of the Hibbs and like decisions. See also annotations, 79 A. L. R. 438, 68 A. L. R.2d 1042. In connection with Hibbs v. Board of Directors see Kirchner v. Board of Directors, 141 Iowa 43, 51, 118 N.W. 51.

No further reference than is made in Division IV hereof need be made to May v. City of Kearney, supra, 145 Neb. 475, 17 N.W.2d 448, 457, 458.

One part of plaintiffs' brief and argument is devoted to cases holding a vote procured by the promise of a candidate for public office to serve for less than the salary provided by law is void on the theory such an inducement is a form of bribery which disqualifies the candidate from holding the office. Carrothers v. Russell, 53 Iowa 346, 351, 5 N.W. 499, 36 Am. Rep. 222, is of this kind. See also annotations, 70 A. L. R. 972, 106 A. L. R. 493; 18 Am. Jur., Elections, section 231; 29 C. J. S., Elections (1965), section 218b, pages 626, 627. We think these authorities are not in point.

We find no error in the adjudication of law points appealed from and it is—Affirmed.

All JUSTICES concur.