MAE HALVORSON, appellant, v. CITY OF DECORAH, appellee, and MRS. LESLIE SCHRUBBE (not appearing).

No. 51877.

(Reported in 138 N.W.2d 856)

DECEMBER 14, 1965.

Strand & Kiener, of Decorah, for appellant.

Miller, Pearson & Gloe, of Decorah, for appellee.

MASON, J.—A prior action involving the same matter was before us on plaintiff's appeal from an order sustaining defendant's motion to dismiss. Halvorson v. City of Decorah, 257 Iowa 453, 133 N.W.2d 232.

The present action was commenced February 19, 1965, by an

original notice served on defendant. Petition in two divisions seeks damages for injuries sustained in a fall upon a public sidewalk in defendant-city on March 5, 1963. Division II is an alleged cause of action against Mrs. Leslie Schrubbe, who is not appearing and is not a part of this appeal.

The division against defendant-city, as amended, alleges facts in paragraphs 10, 11 and 12 which appellant contends were notice to defendant; in paragraph 11a, as an alternative, waiver of notice on part of defendant, and in paragraph 13 estoppel to raise the bar of the statute of limitations.

Code section 614.1 states:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

"1. * * * Those founded on injury to the person on account of defective roads, bridges, streets, or sidewalks, within three months, unless written notice specifying the time, place, and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days from the happening of the injury."

Thus, according to section 614.1(1), plaintiff's cause of action against the city became barred in three months after her injuries unless written notice thereof was served upon the city within 60 days after the happening thereof. If notice was served within the 60 days, the action might be brought within two years after the cause accrued. Heck v. City of Knoxville, 249 Iowa 602, 88 N.W.2d 58.

Defendant's motion contending plaintiff had failed to allege by well-pleaded facts compliance with section 614.1 or facts sufficient to constitute a waiver of notice by defendant or an estoppel against it was sustained by the trial court. From judgment on this ruling plaintiff appeals.

Counsel for plaintiff agrees no notice as prescribed in section 614.1 was given the city. Thus if there was no waiver of such compliance and no estoppel against defendant the action is barred by the statute of limitations.

I.   Paragraph 10 contains these allegations claimed to show sufficient notice to the city: On March 18, 1963, plaintiff, being

herself unable to write, caused written notice to be given defendant-city which served the purpose of section 614.1(1). Plaintiff does not have a copy of said writing; however, said written notice was given by plaintiff's husband communicating the facts of the accident orally to a member of the city council, who then advised plaintiff's husband to relate said facts to another agent of the city—which was done. This agent wrote down the facts thus communicated, transmitted this writing to city's insurer, and informed plaintiff's husband said notice was sufficient. On March 20, 1963, said written notice was transferred to insurer and accepted by it. It then investigated the accident and through an attorney, who represented himself as attorney for the city, took another writing and statement from plaintiff concerning facts, circumstances and elements of this accident, all of said action taken within the sixty-day period after the accident.

Paragraph 11 contains these allegations: Said agent of the city first contacted, a member of the city council and assistant mayor, as said council member, acted for and in place of the mayor when said mayor was not available. Said agent discussed the matter with the council in an informal manner on other occasions during the sixty-day period. That the mayor's office had notice of this accident, all as aforesaid, and that the aforesaid facts constitute written notice to be given the city which served the requirement of section 614.1(1).

In support of plaintiff's claim of waiver of notice and estoppel the petition alleges: And in the alternative, defendant-city because of the aforesaid acts of its said agent, waived the requirement of said written notice and is estopped from claiming notice was not given because of all the aforesaid acts of the mayor and councilmen.

The petition also stated that an attorney who represented himself to plaintiff as an attorney for the city from the mayor's office and the mayor himself had further notice of the accident and took down the facts, all within the sixty-day period. A letter was written by the mayor to Dr. E. W. Johnson, requesting that a report concerning the nature and extent of plaintiff's injuries be sent to the mayor and this was subsequently done.

Paragraph 13 makes reference to estoppel by these allega-

tions: That all acts as aforesaid by the agents of the city, the mayor and councilmen constitute an estoppel on behalf of the city, and a waiver of section 614.1(1) and, in the alternative, plaintiff pleads this statute was fulfilled by the aforesaid facts.

Where a doubtful pleading is directly attacked by motion before issue is joined or in the answer as permitted by rule 72, Rules of Civil Procedure, it will be resolved against the pleader. Reed v. Harvey, 253 Iowa 10, 13, 110 N.W.2d 442; Winneshiek Mutual Insurance Association v. Roach, 257 Iowa 354, 366, 132 N.W.2d 436, 444; Hahn v. Ford Motor Co., 256 Iowa 27, 29, 126 N.W.2d 350, 352. If, however, the petition does allege ultimate facts upon which plaintiff might recover and states a claim under which evidence may be introduced in support thereof, or if attack is delayed, the petition should be construed in the light most favorable to the plaintiff with doubts resolved in his favor and the allegations accepted as true. Anthes v. Anthes, 255 Iowa 497, 503, 122 N.W.2d 255, 258; Newton v. City of Grundy Center, 246 Iowa 916, 921, 70 N.W.2d 162.

A motion to dismiss is sustainable only where it appears to a certainty a plaintiff would not be entitled to any relief under any state of facts which could be proved in support of the claims asserted by him. Newton v. City of Grundy Center, supra.

Grounds of a motion to dismiss a pleading because it does not state a cause of action must be based on the contents of the pleading assailed. Newton v. City of Grundy Center, supra. Facts not so appearing, except those of which judicial notice must be taken, must be ignored. Winneshiek Mutual Insurance Association v. Roach, supra, at 443 of 132 N.W.2d. Such motions must specify wherein the pleading they attack is claimed to be insufficient. R. C. P. 104(d).

While a motion to dismiss admits the truth of all well-pleaded, issuable and relevant facts, it does not admit mere conclusions of fact or law not supported by allegations of ultimate facts. Harvey v. Iowa State Highway Commission, 256 Iowa 1229, 1230, 130 N.W.2d 725, 726; Hahn v. Ford Motor Co., supra, page 29 of 256 Iowa, page 352 of 126 N.W.2d.

"A pleader must plead the ultimate facts in the case. He cannot plead conclusions by themselves. A good pleading

consists of the statements of the ultimate facts in the case, and, when so stated, the pleader has a right to plead his conclusions based upon those facts." Winneshiek Mutual Insurance Association v. Roach, supra, at page 367 of 257 Iowa.

II. With certain exceptions not here applicable, unless the facts upon which they arise appear on the face of the pleading, ordinarily waiver or estoppel, if relied upon, must be specially pleaded by allegations of ultimate facts supporting such a plea, and the doctrine will not be supported by the pleading of mere conclusions. Alexander v. Randall, 257 Iowa 422, 427, 133 N.W. 2d 124, 127; Robbins v. Beatty, 246 Iowa 80, 89, 67 N.W.2d 12, 17; Kunzman v. Cherokee Silo Co., 253 Iowa 885, 890, 114 N.W. 2d 534, 537, 95 A. L. R.2d 673; Markman v. Hoefer, 252 Iowa 118, 123, 106 N.W.2d 59, 63.

In Axtell v. Harbert, 256 Iowa 867, 872, 129 N.W.2d 637, 639, 640, the four essential elements of estoppel are specifically listed as follows: 1) False representation or concealment of material facts. 2) Lack of knowledge of the true facts on the part of the person to whom the misrepresentation or concealment is made. 3) Intent of the party making the representation that the party to whom it is made shall rely thereon. 4) Reliance on such fraudulent statement or concealment by the party to whom made resulting in his prejudice.

The opinion then quotes the following from Stookesberry v. Burgher, 220 Iowa 916, 262 N.W. 820:

"In order to constitute equitable estoppel, or estoppel in pais, false representation or concealment of material facts must exist; the party to whom it was made must have been without knowledge of the real facts; that representations or concealment must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied thereon to his prejudice and injury. There can be no estoppel in any event, if any of these elements are lacking."

Paragraph 15 alleges plaintiff relied upon all the aforesaid representations (those alleged in paragraphs 10, 11, 11a, 12 and 13) which were intended to influence plaintiff all to her detriment.

Volume 31 C. J. S., Estoppel, sections 156(1) and 156(2),

set forth the essential allegations necessary for the proper pleading of estoppel or waiver.

Guided by the foregoing legal propositions and with the allegations essential to constitute well-pleaded facts of waiver and estoppel in mind, it is our opinion that plaintiff failed to so allege compliance with 614.1(1) or sufficient well-pleaded facts to estop defendant-city from raising failure of proper notice as a defense or to constitute a waiver of service of the notice.

III. Appellant asks us to rule on the question of whether the city can waive requirement of notice. Her brief indicates she feels entitled to prevail on the theory defendant-city had waived the requirement that written notice be given.

As was said in Heck v. City of Knoxville, supra, at page 611 of 249 Iowa:

"Our own cases of Starling v. Incorporated Town of Bedford, 94 Iowa 194, 62 N.W. 674, and Welu v. City of Dubuque, 202 Iowa 201, 209 N.W. 439, are really conclusive against plaintiff's claim of waiver of the required notice as well as her claim of estoppel to assert the bar of limitations."

"* * * [T]he majority rule seems to be that a city has no power to waive substantial compliance with a requirement of statute that it be given notice of such a claim as this. A reason frequently given for this view is that the statute is for the protection of the people of the city whose money must be appropriated for payment of the claim." (Citing cases) Idem, at page 610. See also annotation 65 A. L. R.2d 1278.

Quoting further from the Heck case: "* * * [T]here is little if any dissent from the view that individual officers or agents of the city, other than its governing body, have no power to waive such a statutory provision." (Citing cases)

The council is the city's governing body.

The maintenance and repair of streets is a governmental function rather than a proprietary one. The sidewalk is a part of the street. Hall v. Town of Keota, 248 Iowa 131, 135, 79 N.W.2d 784, 786. Ordinarily the doctrine of equitable estoppel is not invoked against a municipal corporation in the exercise of governmental functions. Alexander v. Randall, 257 Iowa 422, 427, 133 N.W.2d 124, 127.

Plaintiff asks that we overrule Starling and adopt what she admits to be the minority view on waiver. This we are not prepared to do.

IV. Appellant contends that the trial court erred in holding that proper service of notice on the city in compliance with section 614.1(1) could only be made on the mayor or clerk in accordance with R. C. P. 56(h). All the trial court said was service upon the mayor or clerk would be proper service of notice under the statute. The Heck case so stated, but also added: "* * * We have said the notice 614.1 requires may be served upon any *officer of the city* whose relation to it is such that notice to him of matters affecting the interest of the city is notice to it." The trial court was concerned only with sufficiency of allegations relied upon as constituting waiver by the city of the right to receive the statutory notice. Plaintiff's argument cannot be accepted.

V. In her brief plaintiff argues the facts alleged in her petition constitute notice to the city even though admitting in argument in the trial court that no notice as prescribed in section 614.1 was given the city. Perhaps her position at this point is best stated in trial court's ruling on defendant's motion in the following language:

"Counsel for plaintiff agrees that no notice in the form prescribed by said Code section was ever given to the city. * * * Plaintiff attempts to rely upon what might be called a substitute for statutory-notice, apparently made up partly of alleged conversations and claimed writing down of certain memoranda as to such oral conversations."

The statute is mandatory and must be substantially complied with. Plaintiff had the burden of pleading and proving the ultimate facts showing compliance with section 614.1(1), Code, 1962. Heck v. City of Knoxville, supra.

The notice is sufficient if it conforms to the statute as to time, place and circumstances and is in writing and is served. Blackmore v. City of Council Bluffs, 189 Iowa 157, 161, 162, 176 N.W. 369; Howe v. Sioux County, 180 Iowa 580, 163 N.W. 411; Sollenbarger v. Incorporated Town of Lineville, 141 Iowa 203, 204, 119 N.W. 618, 18 Ann. Cas. 991.

The statute requires notice to be served upon the city. See authorities last above cited. Nothing in paragraphs 10, 11 and 12 of the petition contains any allegation that notice was served on the city. Plaintiff alleges that she caused notice to be given. Pleading that "notice was given" or that the "city had notice" does not constitute the pleading that notice was served on the city.

The notice required by the statute must be in writing. Plaintiff's petition does not allege that notice was written by alleging that the facts of the accident were communicated orally to a member of the city council or by stating this agent of the city wrote down the communicated facts or by stating that the attorney for the city took another writing from plaintiff concerning the facts, circumstances and elements that were set out in section 614.1(1). Such statements do not amount to a pleading by plaintiff that the notice contained information as to time, place and circumstances of appellant's injury. Sollenbarger v. Incorporated Town of Lineville, supra, at 207, held that the notice required by the statute in question must be wholly in writing. It cannot be partly written and partly oral.

Heck v. City of Knoxville, supra, a case very similar on the facts, contains a thorough consideration of the problems involved with a review of the Iowa decisions and other authorities.

We have discussed what we believe are the most important assigned errors. The others do not require separate consideration. Each and every assigned error has been studied. We find no reversible error.

Judgment on the ruling of the trial court dismissing plaintiff's petition must be and it is affirmed.—Affirmed.

All JUSTICES concur.