Don PAVEGLIO, Appellant,

v.

**FIRESTONE TIRE AND RUBBER COMPANY, Appellee,**

and

Liberty Mutual Insurance Co., Appellee.

No. 53147.

Supreme Court of Iowa.

May 6, 1969.

Anthony M. Critelli, Des Moines, for appellant.

Lawyer, Lawyer & Ray, Des Moines, for appellee.

MASON, Justice.

This is an appeal by Don Paveglio, claimant in a workmen's compensation proceeding, from an order of the Polk district court affirming the industrial commissioner's dismissal of his application for review-reopening.

I. Appellant received compensation following an industrial injury on August 12, 1959. Memorandum of agreement was filed with industrial commissioner September 14, 1959. Section 86.13, Code, 1966. Report of workmen's compensation benefit payments filed August 10, 1961, discloses 75 weeks of benefit payments were paid appellant commencing August 18, 1959. The space on this report for indicating when compensation ended had not been filled in or completed.

According to the stipulation of facts filed with the commissioner the last payment of compensation benefits to appellant was by check dated July 14, 1961, cashed July 17.

Appellant filed application for review-reopening August 10, 1964, under Code section 86.34 which provides:

"Review of award or settlement. Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner or a deputy commissioner at the request of the employer or of the employee at any time within three years from the date of the last payment of compensation made under such award or agreement, and if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon. Any party aggrieved by any decision or order of the industrial commissioner or a deputy commissioner on a review of award or settlement as provided in this section, may appeal to the district court of the county in which the injury occurred and in the same manner as is provided in section 86.26."

September 1, 1964, appellee filed answer denying further compensation was due appellant and alleging the last payment of compensation had been made July 14, 1961, more than three years before filing appellant's application.

October 9 appellant filed reply with affidavit attached alleging the late filing was due to honest inadvertence and mistake based on incomplete and mistaken information concerning date of last payment and not through any fault or negligence on his part. Facts in the affidavit are incorporated in the stipulation mentioned.

In addition to the date the last check was issued appellant it was stipulated no agent of appellee agreed to extend the filing time or made any representation regarding date of last payment before August 1964 when the insurance representative, in answer to an inquiry of appellant's counsel, advised the last check was issued July 14, 1961; appellant's counsel was aware form 5, Report of Workmen's Compensation Payments, was filed August 10, 1961; and this form did not contain any information or represent in any manner when the last payment was made although the form as revised and now used contains a box for inserting such information.

The industrial commissioner dismissed appellant's application for review-reopening as not timely filed as required by section 86.34, supra.

On appeal to the district court appellant contended the employer and insurance carrier are estopped to assert the limitation of action stated in this section since the form filed with the commissioner omitted required information. After considering the matter on the pleadings, reports filed and stipulation of facts, the trial court held the

commissioner's findings were conclusive, it had no authority to receive additional evidence and affirmed the commissioner's dismissal of claimant's appeal.

Appellant states the question on appeal is whether appellee should be estopped from asserting this section as a complete defense to his application for review-reopening.

II. Appellant contends the commissioner erred in dismissing his application for review-reopening. Although he lists nine brief points in support of this assigned error, they may be summarized as contending appellee is estopped from asserting the bar of the statute of limitations as a defense to appellant's application because of failure to complete form 5, the employer's report of payments made, and indicate the date of last payment; such omission on appellee's part had the effect of lulling appellant into a false sense of security and leaving him with a false impression the limitation was some short time in the future beyond the actual date of last payment.

Appellee's position is that appellant's reply failed to raise the question of estoppel by any pleading or statement of facts. On the other hand, appellant maintains the claim of estoppel was raised in the proceeding before the industrial commissioner by his reply and counsel's affidavit attached in which he alleged sufficient facts to support the theory of estoppel and specific reference to the terms "estoppel" or "estopped" was not necessary.

The trial court found no claim of waiver or estoppel was made before the commissioner in view of the parties' stipulation considered by the commissioner.

Both parties cite and rely upon Farmers & Mechanics Sav. Bk. v. Campbell, 258 Iowa 1238, 141 N.W.2d 917 and Halvorson v. City of Decorah, 258 Iowa 314, 138 N.W. 2d 856, as supporting their positions on this issue.

In the first cited case we said at 1247 of 258 Iowa, 922 of 141 N.W.2d:

"* * * An estoppel to be available must ordinarily be pleaded, unless the facts on which it arises appear on the face of the pleadings. Alexander v. Randall, 257 Iowa 422, 427, 133 N.W.2d 124, 127, and citations. While it is true the words 'estoppel' and 'estopped' need not be used, the facts essential to estoppel must be alleged and proved. In Axtell v. Harbert, 256 Iowa 867, 872, 129 N.W.2d 637, 639, the four essential elements of estoppel are specifically listed:

" 'A. False representation or concealment of material facts,

" 'B. Lack of knowledge of the true facts on the part of the person to whom the misrepresentation or concealment is made,

" 'C. Intent of the party making the representation that the party to whom it is made shall rely thereon,

" 'D. Reliance on such fraudulent statement or concealment by the party to whom made resulting in his prejudice.' "

In Halvorson v. City of Decorah, supra, we considered the sufficiency of pleadings to raise the issue of estoppel. There plaintiff was suing the city and claimed it waived or was estopped to assert it did not have written notice of the injury within sixty days following plaintiff's fall on a street or sidewalk. We considered the pleading which set forth ultimate facts and then stated the conclusion "[t]hat all acts * * * of the city, the mayor and councilmen constitute an estoppel on behalf of the city and a waiver of section 614.1(1)." In holding plaintiff failed to allege sufficient well-pleaded facts to estop the city from raising failure of proper notice as a defense or. to constitute a waiver of the notice we said at 320 of 258 Iowa and 860 of 138 N.W.2d:

"With certain exceptions not here applicable, unless the facts upon which they arise appear on the face of the pleading, ordinarily waiver or estoppel, if relied upon, must be specially pleaded by allega-

tions of ultimate facts supporting such a plea, and the doctrine will not be supported by the pleading of mere conclusions. Alexander v. Randall, 257 Iowa 422, 427, 133 N.W.2d 124, 127; Robbins v. Beatty, 246 Iowa 80, 89, 67 N.W.2d 12, 17; Kunzman v. Cherokee Silo Co., 253 Iowa 885, 890, 114 N.W.2d 534, 537, 95 A.L.R.2d 673; Markman v. Hoefer, 252 Iowa 118, 123, 106 N.W.2d 59, 63.

"In Axtell v. Harbert, 256 Iowa 867, 872, 129 N.W.2d 637, 639, 640, the four essential elements of estoppel are specifically listed * * * [quoting those set out supra from the Axtell opinion].

"The [Axtell] opinion then quotes the following from Stookesberry v. Burgher, 220 Iowa 916, 262 N.W. 820:

"'In order to constitute equitable estoppel, or estoppel in pais, false representation or concealment of material facts must exist; the party to whom it was made must have been without knowledge of the real facts; that representations or concealment must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied thereon to his prejudice and injury. There can be no estoppel in any event, if any of these elements are lacking.'"

■ Although it is true the words "estoppel" or "estopped" need not be used, neither of the cited cases otherwise aids appellant under the circumstances here.

His argument that appellee's failure to provide the required information as to payment of last compensation was a concealment of a material fact is not persuasive when it is recalled the last payment received by appellant from the compensation carrier was July 14, 1961, a check cashed July 17 which cleared the insurance carrier's bank July 20. It would seem when appellant did not receive further checks the next three years he would naturally make some inquiry as to the cause. Having failed to do so he is not now in position to

assert reliance on the filing date of form 5 resulted to his prejudice.

■ We hold appellant failed to allege sufficient well-pleaded facts to estop employer from raising the limitation provided in section 86.34 as a defense to appellant's application for review-reopening, so the issue of estoppel was not in the proceedings before the commissioner.

■ "Questions which are not raised before the arbitrators nor before the commissioner will not be considered upon appeal to the courts * * * [citing numerous authorities]." Cross v. Hermanson Bros., 235 Iowa 739, 744, 16 N.W.2d 616, 618–619.

Appellant's contention urged in this division cannot be sustained.

■ III. Section 86.34 gives both employer and employee a right of review under certain circumstances which is qualified by a limitation of time. Ordinarily a lapse of the statutory period operates, therefore, to extinguish the right altogether. This section, so far as the time limitation is concerned, is a limitation statute. Secrest v. Galloway Co., 239 Iowa 168, 173–176, 30 N.W.2d 793, 796–797.

■ IV. Without conceding that the question of estoppel was before the commissioner appellee maintains the facts support a finding it was not in the case, since the burden to prove and establish estoppel is on the party asserting it, with strict proof of all the elements being demanded. Dart v. Thompson, Iowa, 154 N.W.2d 82, 86; Davenport Osteopathic Hosp. Ass'n. v. Hospital Serv., Iowa, 154 N.W.2d 153, 159, and citations of authorities in these cases.

It argues (1) the date of last payment could have been computed from form 5 which disclosed compensation was started, 15 percent of the body as a whole was paid, or 75 weeks and additional benefits for 22½ weeks of healing were paid; (2) there is no indication claimant was denied information as to the true date; and (3) the insurance representative's response to

appellant's attorney as to date of last payment, as previously noted in Division I, supra, was not the first information available to appellant on this question as he had received and cashed the check in July 1961.

Appellee contends findings of fact based on evidence by the commissioner are binding on the court. We agree.

 "Under * * * section 86.24 review by the industrial commissioner of his deputy's decision is de novo. He may affirm, modify, reverse or remand for further findings. The parties on appeal to the commissioner may, and in this case did, on proper notice, produce additional testimony. Jarman v. Collins-Hill Co., 226 Iowa 1247, 286 N.W. 526. The rule controlling the appeal from the commissioner's decision to the district court and thence to this court is, of course, radically different. In such appeal the review is not de novo and the findings of the commissioner have the force and effect of a jury verdict. This is true even though the court might have arrived at a different conclusion. Olson v. Goodyear Service Stores, 255 Iowa 1112, 125 N.W.2d 251." Giere v. Aase Haugen Homes, Inc., 259 Iowa 1065, 1070, 146 N.W.2d 911, 914. See also Musselman v. Central Telephone Co., Iowa, 154 N.W.2d 128, 130; Poole v. Hallett Construction Co., Iowa, 154 N.W.2d 716, 718; and Prokop v. Frank's Plastering Co., 257 Iowa 766, 769, 133 N.W.2d 878, 880.

In Prokop v. Frank's Plastering Co., supra, is this statement:

"In pertinent part section 86.29, Code of Iowa, 1958, I.C.A., provides, 'In the absence of fraud the findings of fact made by the industrial commissioner * * * shall be conclusive.' Section 86.30, Code of Iowa, 1958, I.C.A., as far as applicable, provides a decision of the commissioner may be set aside if the facts found by him do not support it or if there is not sufficient competent evidence in the record to warrant the decision (subsections 3 and 4). Fraud is not claimed."

Of course, the rule does not exclude inquiry into the question whether, conceding the truth of a finding of fact, erroneous rules of law have been applied which materially affect the decision. Shirk Oil Co. v. Linsley, Iowa, 166 N.W.2d 789, filed April 8, 1969, and citations. There were no such erroneous rules applied here.

We again approve the principles announced in these cases.

Appellant's application for review-reopening was not timely filed. The matter is therefore

Affirmed.

All Justices concur.