**Mary DIERKING and Marvin Dierking, Appellants,**

**v.**

**BELLAS HESS SUPERSTORE, INC., of Sioux City, Appellee.**

**No. 57215.**

Supreme Court of Iowa.

Oct. 19, 1977.

O'Brien, Galvin & O'Brien, Sioux City, for appellants.

Shull, Marshall, Marks & Vizintos, Sioux City, for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

MASON, Justice.

Plaintiffs Mary Dierking and her husband Marvin appeal from ruling of the trial court sustaining defendant's motion for summary judgment in a law action brought by them against Bellas Hess Superstore, Inc., of Sioux City, Iowa. November 17, 1972, plaintiffs filed in the Woodbury District Court a petition in two counts. In count 1 Mrs. Dierking seeks to recover damages for personal injuries suffered by her in a fall in defendant's retail store in Sioux City. In count 2 Mr. Dierking seeks damages for loss of his wife's services. Both counts were based on the theory defendant was negligent in one or more specified respects in the maintenance of its premises for use by an invitee. Service of notice was obtained November 20, 1972.

It is undisputed the injury to Mrs. Dierking occurred October 30, 1970. Defendant contended in its answer and later in its motion for summary judgment the action was barred by section 614.1(2), The Code, because it was commenced more than two years after the injury to plaintiff. Plaintiffs contended defendant was estopped from raising the statute of limitations defense because they relied on its insurer's representation the accident occurred on November 20, 1970. Defendant maintained plaintiffs could not raise an estoppel because they had not raised it in their petition or in their reply. The trial court granted defendant's motion for summary judgment.

After defendant's motion for summary judgment was filed, a hearing was held. At this hearing testimony was taken from John Tuchscherer, assistant manager of Bellas Hess. The motion was taken under advisement and briefs were requested from the parties. Before defendant filed its brief, the trial judge inadvertently ruled denying the motion. Defendant informed the court of its mistake whereupon the court set aside its ruling and referred the matter to another judge. At a second hearing testimony was taken from Mary Dierking and Ronald E. Simpson, former claims adjuster for the insurer of Bellas Hess.

Mrs. Dierking explained that immediately after the injury she went to the assistant manager of the store. He filled out an accident report and claim for the insurance company. The assistant manager did not remember the accident, Mrs. Dierking or the report. This report was never produced at the hearing. Four days later she went to her doctor for treatment of injuries to her lower back. She returned to him several times each year for treatment.

After waiting over a year for a reply to her accident report, Mrs. Dierking sent a letter and a thirty dollar doctor bill to defendant's insurer. She explained in the letter she felt the insurer should pay the bill because she was injured in defendant's store.

The insurer had one of their claims adjusters, Mr. Simpson, speak several times by telephone to Mrs. Dierking. Simpson attempted to negotiate a settlement of her

claim. He sent her a release to sign and a check for part of her doctor bills. Both documents listed the date of the accident as November 20, 1970. Simpson claimed this was the date Mrs. Dierking told him. She denied having given that date.

Mrs. Dierking explained, at the hearing, she did not remember the date of the accident until just a few months prior to the hearing. She knew she had paid by check for curtain rods she had purchased at defendant's store on the date of the injury. She knew she had received her cancelled check for that purchase. She did not look at the check which was in the attic because it pained her to bend her neck to try to read.

Mrs. Dierking admitted she had referred to her injury in her November 17, 1971, letter to the insurer as having occurred almost a year earlier, the implication being she thought injury occurred after November 17, 1970.

She stated she relied on the November 20, 1970, date listed on both the release and the check because she did not remember the date of the injury. She explained she was sure the insurer would know the correct date. She had filled out the accident report on the date of the injury.

She stated she relied on the November 20 date when she sought out legal assistance. Her attorney did not file suit prior to October 30, 1972, because Mrs. Dierking had told him the accident had occurred approximately November 20, 1970.

The trial court considered the affidavits and deposition put in evidence at the first hearing and the evidence adduced at the second and found in pertinent part as follows:

" *   *   *

"3. The undisputed fact is, established by testimony of the defendant, Mary Dierking on 4 March, 1974, that the fall declared upon in plaintiffs' petition occurred on 30 October, 1970.

" *   *   *

"5. No act or combination of acts of the defendant or anyone acting in its behalf now estops defendant from relying on the bar of the statute of limitations; nor is there any evidence upon which plaintiffs may rely to toll the running of the statute under the doctrine of fraudulent concealment. A person cannot claim concealment for the purpose of preventing the running of the Statute of Limitations, if he has knowledge (*Gruener v. City of Cedar Falls*, 189 N.W.2d 577, 581 Iowa 1971).

"6. Defendant's Motion should be sustained under Rule 237(c), I.R.C.P., there being no genuine issue herein or to any material fact."

In our opinion the contentions of the parties urged in their written briefs and arguments may be fairly summarized as presenting the following issues for review:

1. May a party rely on the doctrine of estoppel where he has not pleaded it?

2. Is an estoppel created where a party has evidence of the truth at hand and declines to examine it, instead relying to his detriment on an unintentional error of the other party?

I. In support of the trial court's ruling defendant insists plaintiffs may not rely on the doctrine of estoppel because they did not plead estoppel in their petition or in their reply. There is support in our authorities for this contention.

Our decisions have repeatedly announced that the defense of estoppel to be available must ordinarily be plead, unless the facts on which it arises appear on the face of the pleadings. Although it is true the precise words "estoppel" or "estopped" need not be used, factual allegations essential to support the theory must appear in the defensive pleading. See *Alexander v. Randall*, 257 Iowa 422, 427, 133 N.W.2d 124, 127; *Farmers & Mechanics Sav. Bank v. Campbell*, 258 Iowa 1238, 1247, 141 N.W.2d 917, 922; *Holi-Rest, Inc. v. Treloar*, 217 N.W.2d 517, 523 (Iowa 1974); *Whewell v. Dobson*, 227 N.W.2d 115, 120 (Iowa 1975); and citations in those opinions. Nothing in plaintiffs' pleadings gives rise to an estoppel.

■ The principle that an issue not plead but tried by consent is rightfully in the case is ordinarily not available to the defense of estoppel. *Holi-Rest, Inc. v. Treloar*, 217 N.W.2d at 523.

However, there is at least one exception to this rule which applies where the party wishing to rely on the doctrine of estoppel has not had an opportunity to raise estoppel in his pleadings. In *Harte v. City of Eagle River*, 45 Wis.2d 513, 173 N.W.2d 683, 688, the Wisconsin court stated, " * * * when, however, there has been no opportunity to plead estoppel, evidence has been held admissible because of the lack of opportunity * * * [citing authorities]. The demurrer interposed by defendant precluded plaintiffs from specifically asserting estoppel, and plaintiffs could not know defendant would rely upon the written notice requirement of sec. 81.15, Stats. * * *." See also 31 C.J.S. Estoppel § 153(3)b.

A similar situation could occur under our Rules of Civil Procedure. If the trial court here had denied plaintiffs' application to reply to defendant's answer raising the affirmative defense of the statute of limitations, plaintiffs would not have had the opportunity to raise estoppel in their pleadings. Here, however, plaintiffs did reply and did not raise the estoppel defense.

Nevertheless, plaintiffs insist they did not have an opportunity to raise estoppel in their reply since they were still relying on the November 20 date when they responded to defendant's affirmative defense. In support of this contention plaintiffs maintain because they did not know at that point they were relying on the wrong date they could not have raised estoppel against defendant and had no reason to do anything but deny generally defendant's assertion of the bar of the statute of limitations.

We consider this issue in the next division, viewing the evidence in the light most favorable to plaintiffs.

■ II. A party asserting estoppel as a defense, as here, has the burden to establish all essential elements thereof by clear, convincing and satisfactory proof. Nothing else will suffice. *Holden v. Construction Machinery Company*, 202 N.W.2d 348, 355 (Iowa 1972), and authorities cited.

The trial court considered two grounds for estoppel in pais in its decision. The first could be created by conduct of defendant. The second could be created by conduct of defendant amounting to fraudulent concealment.

*Axtell v. Harbert*, 256 Iowa 867, 872, 129 N.W.2d 637, 639–640, lists the four elements of estoppel:

"A. False representation or concealment of material facts.

"B. Lack of knowledge of the true facts on the part of the person to whom the misrepresentation or concealment is made.

"C. Intent of the party making the representation that the party to whom it is made shall rely thereon.

"D. Reliance on such fraudulent statement or concealment by the party to whom made resulting in his prejudice.

" * * * [citing authorities]."

Plaintiffs' evidence bearing on the first element of estoppel set out above consists of a release form sent by Simpson to Dierkings on December 10, 1971, reciting that the occurrence "happened on or about November 20, 1970" and a settlement draft which was forwarded to Mrs. Dierking on April 19, 1972, in the amount of $50 reciting 11/20/70 as the date of the accident.

Both instruments, identified in the record as plaintiffs' exhibits 2 and 3, must be viewed as the total communication from defendant to plaintiffs relative to an accident date since there is no other evidence defendant or its insurer orally or in writing communicated any accident date to the Dierkings.

■ In *Fowler v. Benton*, 229 Md. 571, 185 A.2d 344, 349, is this statement concerning the term "false representation":

" * * * In its generic sense, a false representation is anything short of a warranty which produces upon the mind a false impression conducive to action. 37 C.J.S. Fraud § 8. Ordinarily however, the repre-

sentation must be definite, and mere vague, general, or indefinite statements are insufficient, because they should, as a general rule, put the hearer upon inquiry, and there is no right to rely upon such statements."

In our opinion the release form and settlement draft do not constitute the clear, convincing and satisfactory proof necessary to sustain plaintiffs' burden in regard to false representation.

Mrs. Dierking was instantly aware she had sustained an injury at the time of her fall on October 30, 1970. As shown by the record she sought medical treatment for her injury November 3, 1970, and three times thereafter before November 20 of that year. A person cannot claim concealment, of course, if he has knowledge. *Gruener v. City of Cedar Falls*, 189 N.W.2d 577, 581 (Iowa 1971), and authorities cited. Under this record no genuine issue of fact exists as to the question of concealment.

In regard to the second element of estoppel, lack of knowledge of the true facts, the record discloses the check given by Mrs. Dierking for curtain rods purchased at defendant's store on the date of the injury cleared the bank November 2, 1970. Mrs. Dierking testified, "I knew I had a check in my income tax papers to prove the exact date that I fell."

While it is understandable she would not want to suffer the pain of attempting to retrieve it, it is not understandable why she could not have directed someone else to retrieve it and read it to her. She chose to rely on the insurer's incorrect date when she could have ascertained the correct date.

When questioned about a statement from Dr. Jamieson for services plaintiff testified she did not pay any attention to the date of 11/3/70 appearing on the exhibit because she knew the exact date of her injury and had a check to prove it.

Estoppel presupposes lack of knowledge on the part of the one seeking to apply the doctrine. *Pappas v. Hauser*, 197 N.W.2d 607, 613 (Iowa 1972).

In *S & M Finance Co. Fort Dodge v. Iowa State Tax Comm'n*, 162 N.W.2d 505, 510 (Iowa 1968), we recognized the principle that one alleging estoppel must have been excusably ignorant of the true facts.

From these and other authorities we deem the proper rule to be that a party to whom a false representation has allegedly been made or from whom material facts have been so concealed must establish his lack of knowledge or of means of knowledge of the real facts in order to assert effectively the doctrine of estoppel as a defense.

We turn to the third element necessary to establish the existence of estoppel, intent of the party making the representation that the party to whom it is made shall rely thereon.

Plaintiffs did establish the release form and settlement draft bearing the incorrect date were sent by Mr. Simpson. The failed, however, to show any conduct or words from which can be implied an intent on the part of defendant or its insurer to induce plaintiffs to rely to their prejudice on those incorrect dates in determining the date of Mrs. Dierking's injury for purposes of the statute of limitations. As stated, Mrs. Dierking at all times material hereto had in her possession evidence from which she could determine the exact date she fell. The release form and settlement draft which were sent to Mrs. Dierking approximately six months before the statute of limitations barred plaintiffs' action represented an attempt by defendant through its insurer to terminate the matter and bring the controversy to a conclusion.

A party relying on the existence of estoppel has the burden to establish that the party against whom estoppel is urged knowingly took a position with the intention that it be acted upon, and relied thereon by the party urging estoppel to his prejudice. *Ames Tr. and Svgs. Bank v. Reichardt*, 254 Iowa 1272, 1280, 121 N.W.2d 200, 204; *Holden v. Construction Machinery Company*, 202 N.W.2d at 355–356.

In our opinion no estoppel was created under the factual circumstances shown by this record.

The fourth element, reliance on such fraudulent statement or concealment by the party to whom made resulting in his prejudice, remains to be considered.

Much of what has been said in discussing the first three elements of estoppel is pertinent to the problem presented by the requirement of this element.

We set out a portion of the record where Mary Dierking was asked, "Were you relying at all times on the dates which Mr. Simpson had down?

"A. Yes, that is what I was going on. *He said on or approximately that date. He said on or approximately. I knew at this time that it was approximately at that time. I couldn't remember exactly, but I knew I had a check in my income tax papers to prove the exact date that I fell*; but I went by Mr. Simpson's. I figured he knew." (Emphasis supplied).

This record does not constitute clear, convincing and satisfactory proof of the existence of the fourth element essential to the doctrine of estoppel.

As stated, Mrs. Dierking issued a check to defendant for a purchase made the date of her fall. The record discloses the check was cancelled by the bank November 3, 1970. Mrs. Dierking admits the cancelled check was in her possession at all times thereafter. There was also the itemized statement from Dr. Jamieson showing the first treatment for the injury sustained from the fall was November 3, 1970. Mrs. Dierking had testified she went to Dr. Jamieson three or four days after the fall.

With this means of knowledge readily available plaintiffs had a duty to exercise reasonable care and diligence to discover the exact date of Mrs. Dierking's injury. Plaintiffs failed to fulfill the duty cast upon them. *L & W Construction Co., Inc. v. Kinser*, 251 Iowa 56, 67, 99 N.W.2d 276, 282; *City of Pella v. Fowler*, 215 Iowa 90, 94–95, 244 N.W. 734, 736–737. Plaintiffs had no right to accept blindly the dates indicated on the release form and settlement draft. See *Sanborn v. Maryland Casualty Co.*, 255 Iowa 1319, 1327, 125 N.W.2d 758, 763; *S & M Finance Co. Fort Dodge v. Iowa State Tax Comm'n*, 162 N.W.2d at 510.

III. In its consideration of a motion for summary judgment a court must consider all evidence properly before it. *Davis v. Comito*, 204 N.W.2d 607, 612 (Iowa 1973); *Daboll v. Hoden*, 222 N.W.2d 727, 731 (Iowa 1974). Here the trial court considered the pleadings, depositions, affidavits and testimony of the witnesses at both hearings and found there was no genuine issue as to any material fact.

" 'On appeal from a summary judgment, the record must be viewed in the light most favorable to the party opposing the motion. The moving party bears the burden of showing both that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Daboll v. Hoden*, 222 N.W.2d at 731. See also *Steinbach v. Continental Western Ins. Co.*, 237 N.W.2d 780, 783 (Iowa 1976).

Here we have viewed the record in the light most favorable to plaintiffs and find defendant has shown there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. We find no evidence by which defendant may be estopped from asserting the statute of limitations in bar of plaintiffs' suit. As a matter of law the suit is barred by the statute of limitations.

The case is therefore—Affirmed.