FARMERS & MECHANICS SAVINGS BANK of Minneapolis, plaintiff, v. JERAULD J. CAMPBELL et ux., appellees, and TED A. HANUSA et ux., appellants, et al.

No. 51887.

(Reported in 141 N.W.2d 917)

MAY 3, 1966.

Baird & Baird, of Council Bluffs, and Lawrence R. Brodkey, of Omaha, Nebraska, for appellants.

Kistle & Telpner, of Council Bluffs, for appellees.

MASON, J.—This action seeks a decree establishing an existing roadway approximately 15 feet in width as appurtenant to appellants' land lying immediately north of the roadway and an easement established over it for ingress and egress to such land.

Ted A. Hanusa and wife Alma acquired their interest in the tract sought to be served by the roadway by sheriff's deed issued September 6, 1961, as the result of their redemption as junior lienholders from sale on foreclosure of the tract instituted by plaintiff, Farmers & Mechanics Savings Bank of Minneapolis, assignee of a mortgage given by Jerauld J. Campbell and wife,

Virginia B., on December 15, 1956, to the City National Bank of Council Bluffs. This area will be referred to as the "appellants' tract".

September 24, 1962, Hanusa and wife filed an application in the foreclosure proceedings seeking a determination that said roadway was appurtenant to the land described in the mortgage and sheriff's deed and establishment of the easement.

The trial court denied the relief sought and dismissed the application at Hanusas' costs. They have appealed. Plaintiff-bank is not a party to this appeal nor are other defendants named in the foreclosure action except appellants and the appellees, Jerauld J. Campbell and Virginia B., his wife.

I. Jerauld J. Campbell and wife owned a tract of land in Council Bluffs adjoining Grand Avenue, a public street, on the east. The north lot line, running generally east and west, extended west from Grand Avenue approximately 485 feet and the south line, also running generally east and west, was approximately 162 feet south of the north line. Campbells had constructed two dwellings on the western portion of the tract, occupying the one in the southwest portion as their home and Mr. Campbell's parents occupying the premises in the northwest corner of the tract, measuring 191.4 feet along the north lot line and 60 feet in width. This tract will be referred to as the "Campbell tract". A roadway established about the middle of July 1956 extended east and west from the south line of the Campbell tract to Grand Avenue, south of the Schema tract and appellants' land. About 25 feet south of appellants' tract, in an area of other adjacent land owned by appellants, was a parking area served by this roadway.

The entire tract, consisting of appellees' home, the Campbell tract, what later became the Schema tract, appellants' tract and the parking area, was encumbered by a mortgage held by First Federal Savings and Loan Association of Council Bluffs. In the summer of 1956 appellees planned construction of a duplex on the property subsequently acquired by appellants. Appellees made written application for a construction loan to the City National Bank of Council Bluffs.

Originally appellees proposed to obtain a partial release of

a tract 60 feet in width from the lien of the savings and loan association's mortgage and encumber only that portion of the entire tract with the construction loan. The loan application, identified as exhibit 3, designated a driveway 15 feet in width with a crushed-rock base four inches in thickness. Attached to exhibit 3 was a plot plan showing the tract on which the duplex was to be built as 60 feet wide from north to south. However, the loan association refused to release from the lien of their mortgage a tract greater than 50 feet in width. A revised plan, a paper tracing identified as exhibit 2, showing the location of the duplex on a tract 50 feet in width was then attached to the loan application papers. Both plot plans were marked to indicate a roadway with a crushed-rock base to the south. The Council Bluffs bank declined to make the loan applied for, but Campbell proceeded with construction of the duplex on the 50-foot tract released from the lien of the loan company's mortgage and after the basement had been excavated and the footings at least formed, the bank agreed to make a loan for the duplex construction in a lesser principal amount.

December 15, 1956, appellees executed a mortgage to the bank, encumbering appellants' tract, which was assigned to plaintiff on April 25, 1957. This mortgage contained reference to "all buildings and improvements now or hereafter thereon, and all easements and rights-of-way now or hereafter used in connection with said premises, and all * * * appurtenances thereunto belonging, or in anywise appertaining."

Final inspection of expenditure from loan proceeds was made April 17, 1957. Approximately two and one-half to three months later the duplex was rented. Appellees' tenants occupying the duplex prior to the receivership were permitted to use the roadway to reach the parking area where they walked across the parking ground, the roadway and about ten feet farther to the duplex. In September 1957 appellees put in a sidewalk to the west apartment and in November a similar sidewalk to the east apartment, both extended to the south line of the duplex tract but not to the hard-rock surface of the roadway. Between the most southerly end of the sidewalks and the most northerly limits of the hard-rock road surface was an area of clay.

At the time of final inspection, the bank directed a plat be made of appellants' tract, of a type required by the loaning agency but not secured prior to construction. A certified land survey dated May 28, 1957, identified as exhibit 12, was prepared and submitted.

Appellants became junior lienholders when appellees purchased material from Hanusa's plumbing company for construction of the duplex and could not pay for it.

In August 1957 Campbells sold on contract to Ernest A. Schema and wife a tract measuring 156.72 feet along the north line and 50 feet in width. The Schema tract adjoins the tract occupied by Campbell's parents on the west and adjoins the west line of appellants' tract on the east. In the contract Campbells granted Schemas the right to use the existing roadway adjoining the land described therein on the south for ingress and egress to and from said real estate only.

The foreclosure proceedings were instituted on this mortgage, resulting in a decree entered July 26, 1960.

The sheriff's deed received by appellants, after describing the property by metes and bounds, provided in the habendum clause "to have and to hold the said real estate with all the appurtenances thereto belonging * * *."

Some weeks after receiving the sheriff's deed appellants were notified by appellees they had no right to use the roadway. July 5, 1962, Campbell built a woven wire fence along the south line of the duplex property, running east and west the entire length of the lot, which cut off access by the roadway and left no way to get to the duplex except by walking along inside the fence from Grand Avenue. There was not sufficient room between the fence and the duplex for any vehicle to pass.

II. When appellees refused to remove the fence, appellants filed their application, alleging the roadway, 15 feet in width, immediately south of the south line of their property described by metes and bounds in the mortgage given by appellees, was appurtenant to it. From the date of such mortgage until on or about July 5, 1962, when the roadway was closed to appellants and their tenants by appellees' erection of a fence, it was represented by appellees as appurtenant to the tract described in the

mortgage. After appointment of the receiver, issuance of the sheriff's deed and until July 5, the roadway was used as a matter of right, with appellees' knowledge and consent, by appellants and their tenants for ingress and egress. Appellants further alleged the duplex is so located on appellants' tract that the doors thereof used for ingress and egress, as well as the sidewalks leading to and from the doors, face the roadway and are reached by traversing the roadway from Grand Avenue west to the point where the sidewalks touch it. From the time, the duplex was constructed to July 5, 1962, the roadway was used for ingress and egress to it and was the only way it could be reached by automobile for making deliveries or by persons proceeding on foot to the duplex from Grand Avenue and using the sidewalks.

Appellants further alleged appellees established the roadway for use of the owners of appellants' tract for ingress and egress lying along and adjoining the roadway by reason of the terms and provisions of the Schema contract.

Appellants asked a decree finding the roadway to be appurtenant, and appellants or their successors entitled to an easement over it for ingress or egress to their tract.

Appellees' answer denied generally the allegations of appellants' application.

III. The trial court concluded two issues were presented: (1) Whether an easement or right-of-way was created, and (2) whether it was transferred to the applicants. The court further concluded the language quoted from the mortgage and habendum clause of the sheriff's deed did not create an easement or right-of-way by express written grant; it was not contended the language created an easement by express grant; an easement by implication does not arise until there is a severance of the land by the owner of the whole and the use giving rise to the easement must antedate the separation of the title; since no easement or right-of-way came into being, the language in the mortgage and sheriff's deed could not effect transfer of such rights to the applicants.

IV. Appellants assign as propositions relied on for reversal: (1) Appellees' failure, as original proprietors and subdividers, to follow the procedure commanded by chapter 409,

resulted in a private dedication or easement appurtenant, of such roadway, passing to appellants. (2) Appellees, as such original proprietors and subdividers, are estopped to deny the roadway passed to appellants. (3) The trial court's error in its finding of fact as to when the severance of title occurred and its legal conclusion based thereon.

V. Under their first assignment appellants contend appellees' failure to comply with the statutory requirements for filing and approval of the subdivision has resulted in the establishment of a private way, alley or easement appurtenant. Section 409.1, Code, 1962. Appellees on the other hand contend the procedure prescribed by chapter 409 is not applicable and created no right to the use of the roadway in appellants.

At no time did appellees file a plat with the county recorder under the provisions of chapter 409, Code, 1962.

Section 409.1, Code, 1962, provides:

"Subdivisions or additions. Every original proprietor of any tract or parcel of land, who has subdivided, or shall hereafter subdivide the same into three or more parts, for the purpose of laying out a town or city, or addition thereto, or part thereof, or suburban lots, shall cause a registered land surveyor's plat of such subdivisions * * * to be made by a registered land surveyor * * * giving the bearing and distance from some corner of a lot or block in said town or city to some corner of the congressional division of which said town, city, or addition is a part, which shall accurately describe all the subdivisions thereof, numbering the same by progressive numbers, giving their dimensions by length and breadth, and the breadth and courses of all the streets and alleys established therein."

The 1959 amendment, chapter 133, section 3, Laws of the Fifty-eighth General Assembly, adds or detracts nothing that is here pertinent from the previous statute.

Appellants argue in support of this contention exhibit 12 clearly shows subdivision of appellees' original parcel into at least four parts; at the time of the application for the construction loan appellees owned the land shown on this exhibit as "appellants' tract", "Schema tract", "Campbell tract" and "my home, J.J.C.", as well as other land adjacent thereto. Appel-

lants further urge appellees' failure to comply with chapter 409 resulted in the establishment of a private way, alley or easement appurtenant and had appellees made an effort to comply with this chapter, the authorities passing on the adequacy of filed plats would have withheld approval of a plat of any prospective subdivision which disclosed inadequate ingress and egress to each and every part or lot therein.

We cannot accept appellants' argument. We find no pleading by appellants seeking relief on the theory now advanced. The only reference to chapter 409 disclosed by the record is the statement "I have never filed a plat with the county recorder to comply with Code chapter 409, resulting from my having divided the tract of land I own." The trial court made no reference to this theory in its findings of fact, conclusions or decree.

Exhibit 12 was never intended as an effort to comply with this chapter. It was prepared and furnished at the loaning agency's request when final inspection of expenditure of the loan proceeds was made. It is dated May 28, 1957. It makes no reference to a roadway. The area designated "private drive" on the exhibit was placed thereon by appellees at time of trial. We do not believe chapter 409 aids appellants in this cause. Appellees' failure to comply with this chapter, after having subdivided his original parcel into at least four parts, does not result in the establishment of a private way, alley or easement appurtenant.

VI. Appellants argue in support of their second assignment, as tending to establish the existence of a roadway prior to the making of the mortgage (December 15, 1956), appellees' admission that the roadway designated a "private drive" on exhibit 12 was located about the middle of July 1956; the testimony of Kirk P. Miller, an employee of the bank, that when he visited the premises for appraisal prior to August 20, 1956, there was a roadway there; and the reference in the Schema contract, exhibit 11, to an "existing road adjoining the foregoing real estate on the south". They claim appellees as such original proprietors, having failed to comply with chapter 409, are now estopped to deny the roadway passed to appellants in view of the foregoing testimony.

We cannot accept this argument. An estoppel to be available must ordinarily be pleaded, unless the facts on which it arises appear on the face of the pleadings. Alexander v. Randall, 257 Iowa 422, 427, 133 N.W.2d 124, 127, and citations. While it is true the words "estoppel" and "estopped" need not be used, the facts essential to estoppel must be alleged and proved. In Axtell v. Harbert, 256 Iowa 867, 872, 129 N.W.2d 637, 639, the four essential elements of estoppel are specifically listed:

"A. False representation or concealment of material facts,

"B. Lack of knowledge of the true facts on the part of the person to whom the misrepresentation or concealment is made,

"C. Intent of the party making the representation that the party to whom it is made shall rely thereon,

"D. Reliance on such fraudulent statement or concealment by the party to whom made resulting in his prejudice."

Appellants allege in paragraphs 5 and 6 of their application appellees made certain representations, but do not allege or prove the second, third or fourth essential elements of the doctrine.

Appellants never saw the property until March or April 1961. Redemption was made after examination of the record of sale in foreclosure without any inquiry as to the use of the road. Mr. Hanusa never talked with Mr. Campbell about the roadway until after receiving the sheriff's deed.

Mr. Miller, in making the appraisal for the City National Bank, took into consideration the roadway then in existence, not one to be built, and assumed it would remain. However, the bank made a final inspection and disbursement of funds without any sidewalks in place or any additional roadway construction, even though width of the duplex tract had been reduced to 50 feet, and without construction of the parking area shown on exhibit 12, the only improvement placed on the property by appellants after the sheriff's deed. The bank never requested any plat at the time of the mortgage and it was not furnished until the following May.

The duplex when constructed was not located on the tract as proposed in appellees' first application for a construction

loan. The bank was aware the southern boundary of the duplex tract had to be moved ten feet farther north.

There is not sufficient proof of the remaining elements necessary for estoppel.

VII. Under their third assignment appellants complain of the trial court's finding that the use of the roadway for the benefit of the duplex tract must antedate the execution of the mortgage to the bank. Appellees in reply to this assignment contend the trial court made no finding of fact or conclusion of law as to when the severance of title occurred.

The trial court found the use of the roadway subsequent to the execution of the mortgage and prior to the sale and sheriff's deed was incident to the use of a parking privilege on other land owned by appellees and moreover was at all times during the period of redemption consistent with the rights of the Campbells in the duplex tract and their own land. The roadway, neither adjoining the duplex tract nor terminating in it, cannot be held an apparent and visible easement belonging to the duplex tract. Use of the roadway was more essential to the use of the parking area on the land retained by appellees than it was to the duplex tract sold in foreclosure. The original plan for, and ultimate construction of, the parking area on the duplex tract at Grand Avenue level by appellants and the frontage of the property on Grand Avenue were found by the trial court to demonstrate there was no reasonable necessity which would in itself give rise to an easement. There was no use of the roadway for the benefit of the duplex tract antedating the mortgage to **the bank.**

VIII. In general, an easement may be created in three ways: (1) express written grant (2) prescription, and (3) implication. Loughman v. Couchman, 242 Iowa 885, 888, 47 N.W. 2d 152, 153, and citations. It was not contended in the trial court that an easement was created by express written grant, thus eliminating the first method. No easement arose by prescription because the claimed use did not persist with notice for the statutory period. Use of the roadway by duplex tenants prior to issuance of the sheriff's deed did not exceed four years

and one month. The duplex was not occupied until two and one-half to three months after final inspection on April 17, 1957.

Creation of the easement or right-of-way claimed by appellants must depend upon implication. It is apparent the easement here, if one in fact exists, arises through implied grant rather than by implied reservation, a distinction always to be observed in ascertaining the existence of an easement. A grant of an easement will be more readily implied than a reservation thereof. Restatement, Property, section 476, Comment c.

An easement by implication arises only where the use antedates the separation of title. That is, the owner of the entire tract uses it so a part derives from the other a benefit or advantage of a continuous, permanent and apparent nature, and sells the part in favor of which such benefit or advantage exists, an easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication. Loughman v. Couchman, supra, and citations.

An easement by implication upon severance of the unity of ownership in an estate arises when these factors appear: 1, a separation of the title; 2, a showing that, before the separation took place, the use giving rise to the easement was so long continued and obvious that it was manifest it was intended to be permanent; and 3, it must appear that the easement is continuous rather than temporary, and that it is essential to the beneficial enjoyment of the land granted or retained. Bray v. Hardy, 248 Iowa 794, 797, 82 N.W.2d 671, 673.

While both appellants and appellees contend in their written arguments that separation of title took place with issuance of the sheriff's deed, the trial court's findings of fact supported by the record lead us to the conclusion that the second and third factors necessary for an easement by implication are not sufficiently shown to sustain appellants' contention under their third assignment.

As to the second condition, the roadway was built about the middle of July 1956, the mortgage executed December 15, 1956, the duplex first occupied about July 15, 1957, and the sheriff's deed issued September 6, 1961. This is insufficient to constitute the long continuous use required by this condition. The trial

court held the roadway was not an apparent and visible easement belonging to the duplex tract.

 " 'An easement created by implication arises as an inference of the intention of the parties to a conveyance of land. The inference is drawn from the circumstances under which the conveyance was made rather than from the language of the conveyance.' Various factors bearing upon this inference of intention are: Prior use; extent of knowledge of prior use by the parties; extent of necessity of the easement; and consideration paid." Wilbur v. City of Council Bluffs, 247 Iowa 268, 271, 73 N.W.2d 112, 113, quoting from Restatement, Property, section 476.

 As to the third requirement, it is true the roadway was continuous rather than temporary. It is also a part of this requirement that the easement must be essential to the beneficial enjoyment of the land acquired. There must be a reasonable necessity as distinguished from mere convenience. From the record before us no necessity appears. Inquiry as to the supposed intentions of the parties as deduced from the situation does not indicate either the appellees or the bank intended to create a right-of-way over the crushed-rock roadway for the benefit of the duplex tract. LaPlant v. Schuman, 197 Iowa 466, 472, 196 N.W. 280, 282.

No easement by implication having been created, it follows that the action of the trial court in dismissing appellants' application and refusing to establish an easement over the roadway involved for ingress and egress is affirmed.—Affirmed.

All JUSTICES concur.