Harriet L. WALTERS, Appellee,

v.

Richard WALTERS, Appellant.

No. 55347.

Supreme Court of Iowa.

Jan. 17, 1973.

I. Joel Pasternak, Des Moines, for appellant.

Ralph K. Denny, Des Moines, for appellee.

Heard by MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

REES, Justice.

Defendant appeals from an order and ruling of the trial court dismissing and overruling defendant's application for modification of a decree of divorce.

The parties were divorced on May 9, 1967, and the decree entered that day approved and embodied by reference a stipulation and property settlement agreement. The stipulation and decree provided no alimony was to be paid to plaintiff by defendant, and that in the event plaintiff remarried title to the home of the parties would revert to defendant.

The stipulation (and decree), and particularly paragraph 8 thereof, provided as follows:

"(8) *Automobile:* The Plaintiff now has in her possession, through the Defendant, a 1967 Ford Galaxie automobile. Defendant shall, each year as soon after the new models come out, exchange the car which the Plaintiff has for a new, current model car with reasonably identical equipment and price. That such exchange shall be made with no cost whatsoever to Plaintiff. Defendant's obligation to furnish a new car to the Plaintiff shall cease in that year that the youngest child of these parties attains the age of 18 years."

The record establishes defendant furnished plaintiff with a new automobile in the fall of 1967, 1968 and 1969. The car furnished plaintiff in December of 1969 was a brown 4-door Ford Galaxie automobile.

On May 7, 1971 defendant filed his application for modification of the decree of divorce in which he prayed for the modification of that portion of the decree and stipulation which is set out above. In his application, defendant asserted that in the

fall of 1970 plaintiff orally advised defendant she no longer wished the above provision of the decree to be in force and effect, and that in lieu thereof she asked that defendant deliver to her title to the 1970 Galaxie automobile she then had in her possession; that the car would thereupon be titled in her name without any cost to her, and that she would, in short, be the absolute owner thereof. Defendant alleged that at plaintiff's request an attorney drew up an agreement to the above effect to be signed on the part of the defendant and returned to plaintiff for her signature.

Defendant further asserted that at the time of the divorce of the parties defendant had been engaged in the Ford automobile business at Cedar Falls, and that he thereafter sold his interest in the Ford dealership to one Lange, and that as a part of the contract of sale Lange undertook to assume the obligations of defendant to furnish a new Ford automobile to plaintiff for so long a time as defendant had the obligation to furnish automobiles under the terms of the decree and stipulation. He asserted that at the time the agreement was prepared for the transfer of the title of the 1970 automobile to plaintiff he released his vendee, Lange, from the obligation to furnish a new model automobile to plaintiff in keeping with the stipulation and decree. He alleged the title to the automobile had been delivered to plaintiff and prayed the decree be modified to relieve defendant of the obligation to furnish automobiles annually to plaintiff as by the decree and stipulation provided.

Following hearing, the trial court made its findings of fact, reached conclusions of law, and entered its ruling. The court found defendant had failed to furnish the plaintiff a 1971 model automobile in the fall of 1970 and found the defendant had presented credible evidence that plaintiff's second husband, one Byers, presumably representing plaintiff, had proposed changing the decree's provision as contended for presently by defendant. The court found the evidence established that when the stipulation for the modification of the decree and original stipulation were presented to the plaintiff she refused to sign the agreement and demanded, and continues to demand, defendant perform under the terms of the original stipulation and decree.

The court found the evidence failed to establish any proof of authority of plaintiff's present husband, Byers, to act as her agent in regard to a proposed modification, and that plaintiff had not authorized the attorney who drafted the supplemental agreement or stipulation to bind her by any oral agreement to modify the decree, and that she (the plaintiff) at no time orally agreed to modify the decree.

The court thereupon dismissed defendant's application to modify the original decree, and found that it would not be feasible for defendant to furnish plaintiff a 1971 vehicle at the time of the court ruling, September 20, 1971, and ordered that in view of the fact plaintiff had not been furnished with a 1971 automobile in the fall of 1970 that the provision in the decree under which defendant was obligated to furnish a new car until the youngest child of the parties reached age 18, should be extended until the youngest child reached age 19. It is to be noted that plaintiff has at all times had available to her what is presumably a workable, useable automobile, namely, the 1970 Galaxie automobile, up to the present time.

Defendant advances as a proposition upon which he relies for reversal the claimed error of the trial court in refusing to sustain defendant's application to modify the original decree of divorce or in not estopping plaintiff from enforcing paragraph 8 of the stipulation and property settlement incorporated in the original divorce decree filed of record May 9, 1967.

 I. It has been repeatedly said that a good deal of discretion is lodged in the trial court in matters involving modifications of decrees of divorce, and although our review is de novo, we will give weight

to the trial court's findings of fact. This has been held to be especially true where the same judge heard both the original matter and the application for modification, and where there is support for the trial court's findings. In the matter before us, the same judge entered the decree and heard the evidence in support of defendant's application for modification of decree. Trial court found, and we agree, defendant had the burden of proving plaintiff orally agreed to modify the decree and failed to sustain this burden. Indeed, the record discloses defendant had at no time discussed the matter personally with plaintiff, and that all of his contacts with respect to the proposed modification were with the second husband of plaintiff. We are not disposed to disturb trial court's findings and conclusions in this regard. See Jensen v. Jensen, 253 Iowa 1013, 1015, 114 N.W.2d 920, 922; Holesinger v. Holesinger, 252 Iowa 374, 107 N.W.2d 247; Apfel v. Apfel, 238 Iowa 274, 27 N.W.2d 31.

██ II. It is defendant's contention he was misled by plaintiff and that in reliance upon her acts he changed a contract he had with a third party for the furnishing of a new automobile to the plaintiff each year, and that plaintiff should now be estopped from enforcing the terms of the original decree and stipulation.

Trial court found the evidence of the defendant failed to establish any proof of authority of plaintiff's second husband to act as her agent in regard to a proposed modification, and no proof of authority granted by plaintiff to the attorney who drafted the written agreement for the modification of the original decree and stipulation. The record is entirely void of any proof that the plaintiff herself desired a change in the arrangements embraced in the original decree.

It is obvious defendant acted in bringing about a termination of the contract relationship with the third party for the furnishing of a car to plaintiff to his own detriment, but we observe his actions in this regard were precipitate and were not brought about or occasioned by any act or conduct on the part of plaintiff.

██ The essential elements of equitable estoppel or estoppel *in pais* are:

(1) a false representation or concealment of material facts; (2) lack of knowledge of true facts on part of actor; (3) intention that it be acted upon; and (4) reliance thereon by the party to whom made, to his prejudice and injury. See Farmers & Mechanics Savings Bank v. Campbell, 258 Iowa 1238, 141 N.W.2d 917.

None of the elements constituting a basis for a claim of equitable estoppel has been established by the defendant. While it is almost inconceivable to us the plaintiff's husband (Byers) could have acted as he did without knowledge and acquiescence on the part of plaintiff, still and all the burden was on defendant to establish specific authorization on plaintiff's part. This the record fails to do. We must conclude defendant has failed to establish his entitlement to relief based on the doctrine of estoppel.

██ III. Under our *de novo* review of the record, and in view of the facts established tending to prove plaintiff had at all times available to her a useable and workable automobile, and presumably still has such automobile available for her use, we find no justification for the trial court's order extending the operative limits of paragraph 8 of the stipulation embraced in the original decree for a one-year period and until the youngest child of the parties attains age 19. It was originally contemplated by paragraph 8 of the stipulation between the parties that defendant's obligation to furnish an automobile was to terminate when the youngest child of the parties attained age 18.

Our affirmance here of the action of the trial court in refusing to modify the decree imposes a liability and responsibility on defendant to continue to furnish new auto-

mobiles for plaintiff's use. We see no justification, however, in view of the fact plaintiff has at all times had an automobile in her possession, for extending the time of the operative terms of the stipulation. In this regard the order, ruling and judgment of the trial court is modified.

As so modified, the order, judgment and ruling of the trial court is now

Affirmed.