**Walter SCHWOB et al., Appellees,**

**v.**

**Raymond GREEN, Appellant.**

**No. 2–56089.**

Supreme Court of Iowa.

Feb. 20, 1974.

Eckhardt, Goedken & Hintermeister, Muscatine, for appellant.

Hicklin & Matthews, Wapello, for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

LeGRAND, Justice.

This declaratory judgment suit was brought in equity to resolve a dispute over easement rights asserted by defendant to private roads in a subdivision in Louisa County. Plaintiffs brought the action to prohibit the use of the roads by defendant and his lessees to reach other real estate lying to the south and west of the subdivision. Defendant claims an easement by implication or necessity. The trial court found defendant had an easement but limited its terms to exclude the use to which it was being put. Defendant appeals, and we affirm.

It should be noted at the outset defendant does not say he has an easement by virtue of written grant or prescription. His claim is based solely on rights which he says arose either by implication or necessity.

For many years, the Sand Run Hunting & Fishing Club, a corporation, owned property designated in the record as "part of Government Lot 4 South of Sand Run Road and east of the main road known as Mississippi Scenic Highway in Section 33, Township 74 North, Range 2 West of the 5th P.M., Louisa County, Iowa, containing

18 acres more or less." The club had 12 members and devoted itself entirely to recreational pursuits, principally hunting and fishing.

Sometime in 1963 it was decided to disband the club. The most desirable part of the property was subdivided into lots. Each member was given two lots for his interest in the club. The rest of the property, which was wild and heavily wooded, remained unplatted. The club retained title to that portion until 1965, when it was sold to defendant.

In platting the subdivision in 1963, the corporation established several private roads by taking 9 feet from lots on each side of the proposed way, affording an 18 foot right-of-way. The plat of the subdivision filed in the county recorder's office contained this notation:

> "All interior access roads are 18 feet wide. Each lot abutting upon access road provides one-half (9 feet) of the roadway width. Access roads shall be open for access to all lots so long as the subdivision is in effect."

The roads have always been privately maintained by the owners of the adjacent lots and, until this controversy arose, have been used for means of ingress and egress to and from the lots of the subdivision.

Several years after defendant purchased the unplatted property from the Sand Run Hunting & Fishing Club, he began to improve it by clearing away some of the underbrush and trees to provide suitable places for cabin sites, which were then rented to campers and vacationers. This greatly increased the use to which the private roads were put and plaintiffs objected. Their objections were ignored.

Eventually they put up stakes across the road to make it unuseable beyond the confines of the subdivision. Defendant had these stakes removed. New ones were put up and again defendant took them down. Then plaintiffs blocked the right-of-way by parking a truck across the road. They then brought this action to establish their right to restrict the use of these roads in accordance with what they claimed to have been the intention of the parties when the land was subdivided.

Defendant concedes the subdivision roads are private ways. He says, however, he has an easement for their use by implication; or, if that claim fails, he asserts a second theory based upon easement by necessity.

The trial court found defendant has an easement over the roads for his personal use only. The trial court further found his intended use of the roads to permit campers a means of ingress and egress was an impermissible attempt to enlarge its terms. The judgment limited defendant's use of the roads accordingly. Since plaintiffs have not appealed, the finding that defendant has an easement by implication is settled, and we consider only the extent of his rights under it.

I. Defendant's present rights depend upon the easement which was impliedly reserved (as found by the trial court) by the hunting club when the subdivision was platted and the individual lots transferred to the club members. Defendant can have no greater easement than his grantor impliedly reserved at that time. It is therefore necessary to review the events leading up to that transaction. Before doing so we state briefly the principles upon which easements by implication depend.

We have discussed implied easements in a number of cases, including Farmers and Mechanics Savings Bank v. Campbell, 258 Iowa 1238, 1250, 141 N.W.2d 917, 923, 924 (1966) and also in Bray v. Hardy, 248 Iowa 794, 797, 82 N.W.2d 671, 673 (1957). Since we are concerned only with the terms of the easement rather than its existence, we need not repeat the factors necessary to establish such an easement except as they bear on that question. An easement by implication is one which the law imposes by inferring the parties to

a transaction intended that result, although they did not express it. Farmers and Mechanics Savings Bank v. Campbell, supra; Wilbur v. City of Council Bluffs, 247 Iowa 268, 271, 73 N.W.2d 112, 113 (1955); Bray v. Hardy, supra; LaPlant v. Schuman, 197 Iowa 466, 471, 196 N.W. 280, 282 (1923); 13 Iowa L.Rev. 74 (1927); Restatement, Property, Sections 474–476 (1944).

■ This same rule, of course, limits the extent of the easement, since the dominant estate acquires no greater user than the parties intended. In determining this, several factors are important, although others may also be shown as bearing on intent.

The ones usually relied on are set forth as follows in Restatement, Property, Section 476:

"In determining whether the circumstances under which a conveyance of land is made imply an easement, the following factors are important: (a) whether the claimant is the conveyor or the conveyee, (b) the terms of the conveyance, (c) the consideration given for it, (d) whether the claim is made against a simultaneous conveyee, (e) the extent of necessity of the easement to the claimant, (f) whether reciprocal benefits result to the conveyor and the conveyee, (g) the manner in which the land was used prior to its conveyance, and (h) the extent to which the manner of prior use was or might have been known to the parties."

■ The circumstances shown by this record when related to these factors almost without exception militate against defendant and lead us to the same conclusion reached by the trial court as to the extent of his rights. In considering the evidence, we keep in mind the rule that a *reservation* of easement (as here) is less readily implied that the *grant* of one. Farmers and Mechanics Savings Bank v. Campbell, supra, 258 Iowa at page 1249, 141 N.W.2d at page 923.

■ The testimony discloses this property had always been held and used by a few people for private as opposed to commercial or business purposes. The club never had more than 12 members. When it was disbanded and subdivided, the lots were laid out for use by the members as private homes, and that is the only use to which they were put. The remaining unplatted property was not thought to be suitable for that purpose and was kept in its original state until sold to defendant. The notion that this property would be developed into a commercial camping ground which would subject the roads to an entirely different type of use in furtherance of a business venture cannot be reasonably inferred as having been the intention of the parties when the subdivision was platted and the lots were conveyed to plaintiffs or their predecessors.

To hold otherwise would impose on plaintiffs' property an additional burden beyond the scope of the implied easement. Defendant may not thus improve his position. Schwartz v. Grossman, 173 N.W.2d 57, 59 (Iowa 1969).

■ We recognize that ordinarily when an easement exists over another's land for purposes of ingress and egress, a mere increase in the frequency of use will not constitute an additional burden. See 25 Am.Jur.2d, Easements and Licenses, section 77, page 482, section 82, page 489 (1966). This rule undoubtedly would permit use of the roads by defendant's social guests and tradesmen, which defendant feared was prohibited by the trial court's decree.

However, we are not faced here only with increased use of the easement; we are faced rather with its use for a purpose totally different than that for which it was granted. Such use, we say, did impose an additional and unintended burden on plaintiffs' land.

We should probably mention one other matter before leaving this question. Defendant claims the easement he asks is nec-

essary for the use and enjoyment of his property. This is one of the factors to be considered in reaching the intent of the parties. We agree with the trial court no real necessity, only inconvenience, was shown.

■ While we hold to the liberal rule that *strict* necessity need not be proven, we have also consistently said mere inconvenience is not enough. See Bray v. Hardy, supra, 248 Iowa at 799, 82 N.W.2d at 674.

The evidence in this case discloses defendant's property is bordered on two sides by public roads. Admittedly it would be both inconvenient and expensive to provide access in either case; but mere inconvenience or expediency is not the sort of "necessity" which permits a finding the parties must therefore have intended to grant such an easement.

We hold the trial court's finding as to the extent of defendant's easement should be affirmed.

II. Perhaps we should add an additional word about the claim of easement by necessity, although what we have said in Division I is also decisive here. In that division, however, we were speaking of necessity only as one factor bearing on an easement by implication.

■ The doctrine of easement by necessity is separate, and we have always recognized it as such. Bray v. Hardy, supra, 248 Iowa at 799, 82 N.W.2d at 674; La-Plant v. Schuman, supra, 197 Iowa at 471, 196 N.W. at 282; Kane v. Templin, 158 Iowa 24, 27, 138 N.W. 901, 902 (1912).

One significant difference is that an easement by implication requires a showing the parties intended such a right to exist. An easement by necessity involves no such intent.

■ Perhaps the most important distinction is that an easement by implication may be claimed by either a remote grantor or a remote grantee if such a right existed in favor of a prior party from whom they take an interest. An easement by necessity ordinarily may not be claimed by any except the immediate parties to the transaction. See Black v. Whitacre, 206 Iowa 1084, 1086, 221 N.W. 825, 827 (1928). Under that rule defendant would fail here. However, since the case does not appear to have been tried or submitted on that theory, we pass the question and content ourselves with holding defendant has failed to prove his right to an easement by necessity for the reasons already set out in Division I. See Feilhaber v. Swiler, 203 Iowa 1133, 1138, 212 N.W. 417, 418, 419 (1927).

■ III. Since we say defendant's use of the roads was beyond the scope of his implied easement, it follows the trial court was correct in denying his claim for damages.

The judgment is affirmed.

Affirmed.