**Ralph R. RANK and Phyllis E. Rank, Appellants,**

v.

**Timothy J. FRAME and Cheryl L. Frame, Appellees.**

**No. 93–403.**

Court of Appeals of Iowa.

Aug. 25, 1994.

the future attempt to vacate, open or dispose of Rainbow Drive as those issues are not before us.

Phil L. Goedken, Bettendorf, for appellants.

Jeffrey W. Paul of Lane & Waterman, Davenport, for appellees.

Considered by HAYDEN, P.J., and SACKETT and CADY, JJ.

HAYDEN, Presiding Judge.

In 1961 the plaintiff-appellants, Ralph R. Rank and Phyllis E. Rank (Ranks), built their current home on an unplatted area of a fifty-five-acre farm which was purchased by them in 1958. In 1965 Ranks platted a part of the farm to the north of their home into

twenty-seven lots. This plat was known as Crestview Heights. Ranks have at all times gained access to private and public streets via a road which runs over what are currently Lots 25 and 26 in Crestview Heights. This road is their sole means of ingress and egress.

Ranks conveyed Lot 26 to the respondent-appellees, Timothy J. Frame and Cheryl L. Frame (Frames) in 1990. The warranty deed did not expressly reserve an easement across Lot 26 in favor of the Ranks. Frames knew Ranks' driveway passed over the southwestern corner of Lot 26. The auditor's plat of the land shows a driveway and utility easement along the southern portion of Lot 26.

In 1992 Frames constructed a residence on Lot 26. In July of that year they placed fence posts and railroad ties along the north and east edges of Ranks' driveway, apparently attempting to define its boundaries. Ranks filed this equity action seeking a declaration of their rights over Frames' lot. They alleged Frames had obstructed access to their lot. Ranks argued they need additional space to the east of the drive in which to turn around, allowing them to proceed in a forward direction to the main road.

After a hearing, the district court ruled Ranks had a driveway easement over Lot 26 which was limited to the use of the existing driveway as shown on plaintiffs' exhibit one, which is attached to this opinion as "Exhibit A." Ranks moved the court to amend and enlarge its findings to extend the easement at least one car length to the east for room in which to turn a car around and to order that the easement runs with the land. The district court denied the request to extend the easement to the east, finding Ranks had good and sufficient drive on their own property for turning around. The district court did not address whether the easement ran with the land (an easement appurtenant) or was personal to Ranks (an easement in gross). Ranks appeal.

### I. Scope of Review.

■ Since the present case was tried before the district court in equity, our scope of review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R.App.P. 14(f)(7).

### II. Easement by Implication.

The trial court found an easement by implication in favor of Ranks. We agree. More specifically, however, we determine Ranks' easement to be an easement by implied reservation. Factors which give rise to an easement by implied reservation were enumerated by the Iowa Supreme Court in Bray v. Hardy, 248 Iowa 794, 797, 82 N.W.2d 671, 673 (1957). In Bray, the court held:

> An easement by implication, upon severance of the unity of ownership in an estate, arises when these factors appear: (1) a separation of the title; (2) a showing that, before the separation took place, the use giving rise to the easement was so long continued and obvious that it was manifest it was intended to be permanent; and (3) it must appear that the easement is continuous rather than temporary, and that it is essential to the beneficial enjoyment of the land granted or retained.

Id. (quoting 17 Am.Jur. Easements § 34 (1938)).

■ The facts of the case at bar bring it clearly within the rule expressed above. Ranks originally owned all of the property known as Crestview Heights, which they platted into twenty-seven lots in 1965. The separation of their title (for purposes of this case) occurred in 1990 when they conveyed Lot 26 to Frames. Ranks conveyed a fee interest in the servient tenement by warranty deed to Frames. This severed, for the first time, the unity of ownership between the dominant and servient estates. The first requirement is satisfied.

As to the second requirement, the trial court found:

> There is no question but what the plaintiffs in this matter have at all times in question herein and were at the time of the platting of Crestview Heights Addition back in 1965, using that portion of said plat denoted as driveway and utility easement as

access to the property upon which their residence is located.

It is clear from the record Frames were aware of Ranks' driveway when they purchased Lot 26 in 1990. From this we determine the use giving rise to Ranks' easement was so long continued and obvious, it manifested it was intended to be permanent. The second requirement is satisfied.

As to the third requirement, the record clearly indicates the easement is continuous rather than temporary. In addition, the easement is essential to the beneficial enjoyment of the land retained by Ranks. The trial court found the easement is still being used by Ranks and is at present the only feasible means of ingress and egress. Although their property does adjoin Elk Drive, the access to their residence, due to topography, is not feasible without the construction of a lengthy access road.

■ A minority of courts follow the rule an easement by implied reservation may not be established unless it appears such an easement is strictly one of necessity. *Bray,* 248 Iowa at 799, 82 N.W.2d at 674. The Iowa Supreme Court, however, has consistently followed the more liberal rule there must be only a reasonable necessity as distinguished from a mere convenience. *Id.* (citing *Starrett v. Baudler,* 181 Iowa 965, 980, 165 N.W. 216, 220 (1917)). What is required is the easement must be reasonably essential to the use and enjoyment of the dominant estate as it existed at the time of conveyance of the servient portion. *Bray,* 248 Iowa at 799, 82 N.W.2d at 674. Given the facts of the case at hand, we determine the third requirement is also satisfied. Ranks have an easement by implied reservation over Lot 26. We affirm on this issue.

### III. *Extent of the Easement by Implication.*

We next consider Ranks' contention the trial court erred in refusing to extend the parameters of their easement by implication so as to include additional space for a turnaround. Ranks assert a larger easement area is needed for a reasonable and convenient exit from their property. They contend the easement granted by the trial court is too restrictive and they should have been provided with more ground to the east of that granted.

The standard governing the extent of easements created by implied reservation was set out by the supreme court in *Schwob v. Green,* 215 N.W.2d 240 (Iowa 1974). In *Schwob,* the plaintiffs brought a declaratory judgment action in equity, seeking to resolve a dispute over easement rights asserted by the defendant to private roads in the plaintiffs' subdivision. *Id.* at 241. The defendant had built cabin sites on his property shortly after he purchased it. *Id.* at 242. He was attempting to expand the use of his easement to include not only his personal use but also to provide for the ingress of campers and vacationers. *Id.* The trial court found the defendant had an easement, impliedly reserved by his grantors. *Id.* The court, however, limited the extent of the easement to exclude the expanded use to which it was being put. *Id.* at 241. The defendant appealed.

■ On appeal, the trial court's finding regarding the existence of an implied easement in favor of the defendant was not disputed. *Id.* at 242. Only the extent of the defendant's rights under the easement were at issue. *Id.* In determining the extent of the easement by implied reservation, the supreme court indicated the intent of the parties is controlling:

> An easement by implication is one which the law imposes by inferring the parties to a transaction intended that result, although they did not express it. This same rule, of course, limits the extent of the easement, since the dominant estate acquires no greater user [sic] than the parties intended.

*Id.* at 242–43 (citations omitted). The court enumerated several factors as bearing on intent. *Id.* at 243. These factors are identical to those utilized by the Restatement of Property for determining whether an implied easement has been created in the first instance. The relevant factors include but are not limited to the following: (1) whether the claimant is the conveyor or the conveyee, (2) the extent and necessity of the easement to the claimant, (3) the manner in which the

land was used prior to its conveyance and (4) the extent to which the manner of prior use was or might have been known to the parties. *Id.* (citing Restatement of Property § 476 (1944)).

In applying these factors to the instant action to determine the intent of the parties as to the extent of the easement, we note first the claimant is the conveyor and not the conveyee. We keep in mind the rule a reservation of easement is less readily implied than the grant of one. *Bray,* 248 Iowa at 797, 82 N.W.2d at 673. This rule implies greater restrictions should be imposed when determining the extent of an easement by implied reservation.

As to the second factor, we determine there is no necessity for an additional turnaround area as requested by Ranks. The trial court found in its order dated February 16, 1993, and we agree, there is a good and sufficient driveway in use on Ranks' property which could be used for a turnaround.

As to the third factor, the record is unclear regarding the manner, if any, in which the additional area requested by Ranks was used prior to the conveyance of Lot 26 to Frames. Similarly, with regard to the fourth factor, there is nothing to indicate the extent to which Frames knew or might have known of the manner of prior use by Ranks.

The circumstances shown by this record, when related to these factors as a whole, militate against expansion of Ranks' easement to include a turnaround area. The notion Ranks would be afforded the luxury of additional space for a turnaround cannot be reasonably inferred as having been the intention of the parties when Lot 26 was conveyed to Frames. We affirm the decision of the district court on this issue.

### IV. *Appurtenance of the Easement.*

We next consider Ranks' contention the district court should have found their ease-

ment by implication to be a perpetual and appurtenant easement, running with the land. In their 179(b) motion Ranks requested a judgment establishing the easement as appurtenant, but the district court declined to rule on this request. We determine the Ranks' easement to be appurtenant to their property.

In *Wymer v. Dagnillo,* 162 N.W.2d 514 (Iowa 1968), our supreme court provided a definition for an appurtenant easement where plaintiffs were claiming an easement by implication:

> Plaintiffs claim an easement by implication, an appurtenant easement. "An appurtenant easement is an incorporeal right which is attached to, and belongs with, some greater or superior right-something annexed to another thing more worthy and which passes as an incident to it. It is incapable of existence separate and apart from the particular land to which it is annexed."

*Id.* at 517 (quoting 25 Am.Jur.2d *Easements and Licenses* § 11 (1966)). Easements appurtenant pass with the description of the property to which they are appurtenant without specific designation, and the purchaser of the servient property takes subject to the easement without express reservation. *McKeon v. Brammer,* 238 Iowa 1113, 1128, 29 N.W.2d 518, 526 (1947) (quoting *Kane v. Templin,* 158 Iowa 24, 28, 138 N.W. 901, 902 (1912)).

Based on the facts of this case, we conclude Ranks' easement is appurtenant since it is necessary for ingress to and egress from the property. The right to the easement is attached to and belongs with the property and is not merely personal to Ranks. We reverse the district court on this issue.

### V. *Conclusion.*

To summarize our decision, we affirm the district court's order refusing to extend the parameters of Ranks' easement so as to include additional space for a turnaround. We reverse the district court's refusal to consider Ranks' request to have their easement de-

clared appurtenant. We remand with instruction for the district court to issue and file an order declaring Ranks' easement is appurtenant to their property.

Costs on appeal are taxed to Frames.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTION.**

3-614

# PLAT OF SURVEY

Lot 26 in Crestview Heights
in the City of Bettendorf, Iowa

LEGEND

Scale 1" = 30'
Deed/Plat dimension = (0.0)
Measured dimension = 0.0
Monument found = O
Monument set = ●

EXHIBIT A